IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NIRVANA, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> QITIANLY, et al., <br><br> Defendants. | Case No. 21-cv-01983 <br><br> **Judge Martha M. Pacold** <br><br> **Magistrate Judge Jeffrey T. Gilbert** |

PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR ENTRY OF DEFAULT

Plaintiff Nirvana, L.L.C. ("Plaintiff" or "Nirvana") submits the following memorandum in support of its Motion for Entry of Default under Fed. R. Civ. P. 55(a) against the defendants identified on Schedule A to the Complaint (collectively, "Defaulting Defendants") based on Plaintiff's action for trademark infringement, counterfeiting, and false designation of origin.

STATEMENT OF FACTS

Plaintiff Nirvana, L.L.C. is a limited liability company organized and existing under the laws of Washington with its principal place of business in Encino, CA. Complaint [1] at ¶ 4. Nirvana has earned numerous accolades for its music, including induction into the Rock and Roll Hall of Fame in 2014 (Nirvana's first year of eligibility) and inclusion in both Rolling Stone's and VH1's "100 Greatest Artists of All Time." *Id.* at ¶ 6. Products sold under the Nirvana brand include apparel, accessories, and other merchandise, such as drinkware, posters, and photos. *Id.* at ¶ 8.

Plaintiff incorporates a variety of distinctive marks in the design of its various Nirvana products. *Id.* at ¶ 10. Plaintiff has also registered its trademarks with the United States Patent and Trademark Office (the "NIRVANA Trademarks"). *Id*. The NIRVANA Trademarks are

exclusive to Plaintiff, and are displayed extensively on Nirvana products, packaging and in Plaintiff's marketing and promotional materials. *Id.* at ¶ 12. The Nirvana brand has been extensively promoted and advertised at great expense. *Id.* Additional factual assertions regarding Plaintiff in Paragraphs 4–16 of the Complaint are incorporated herein. *Id*. at ¶¶ 4–16.

Defaulting Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the seller aliases identified on Schedule A to the Complaint (collectively, the "Seller Aliases"). *Id*. at ¶ 17. Each Defaulting Defendant targets sales to Illinois residents by setting up and operating e-commerce stores that target U.S. consumers using one or more Seller Aliases, offer shipping to the U.S., including Illinois, accept payment in U.S. dollars, and has offered for sale and/or sold unauthorized and unlicensed products, including apparel, accessories, and other merchandise, using infringing and counterfeit versions of the federally registered NIRVANA Trademarks (the "Counterfeit Products") to residents of Illinois. *Id*. at ¶ 21. Additional factual assertions regarding Defaulting Defendants in Paragraphs 17–30 of the Complaint are incorporated herein. *Id*. at ¶¶ 17–30.

Plaintiff filed this action on April 13, 2021 [1]. On April 20, 2021, this Court granted Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order (the "TRO") [23], subsequently extended the TRO [28], and converted the TRO into a Preliminary Injunction [41]. Paragraph 7 of the TRO permitted Plaintiff to complete service of process to Defendants by electronically publishing a link to the Complaint, the TRO, and other relevant documents on a website and by sending an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Eric Gelwicks and any e-mail addresses provided for Defendants by third parties that includes a link to said website. [23] at ¶ 7. The Defendants were properly served on May

11, 2021. [30]. None of the Defaulting Defendants[1] have filed an answer or otherwise pled in this action. *See* Declaration of Justin R. Gaudio (the "Gaudio Declaration") at ¶ 2.

Pursuant to Federal Rule of Civil Procedure 55(a), Plaintiff now requests an entry of default against Defaulting Defendants.

## ARGUMENT

**I.      JURISDICTION AND VENUE ARE PROPER IN THIS COURT**

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in Illinois and causes harm to Plaintiff's business within this Judicial District. *See* [1] at ¶¶ 2, 17, 21 and 29; *uBID, Inc. v. GoDaddy Grp., Inc.* 623 F.3d 421, 423-24 (7th Cir. 2010) (without benefit of an evidentiary hearing, plaintiff bears only the burden of making a *prima facie* case for personal jurisdiction; all of plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor).

Through at least the fully interactive, e-commerce stores operating under the Seller Aliases, each of the Defaulting Defendants has targeted sales from Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and, on information and belief, has sold Counterfeit Products to residents of Illinois. [1] at ¶ 2. Personal jurisdiction exists over Defaulting Defendants since they directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defaulting

---

[1] Defendants TaLang Fashion and xintachaoliu have filed multiple requests for an extension to respond to Plaintiff's Motion for a Preliminary Injunction. However, neither obtained an extension to respond to the Complaint and both failed to respond to the Complaint by the deadline.

Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive e-commerce stores under the Seller Aliases through which Illinois residents can purchase Counterfeit Products. *Id. See Monster Energy Co. v. Chen Wensheng, et al.*, 2015 U.S. Dist. LEXIS 132283, at *11 (N.D. Ill. Sept. 29, 2015).

## II. PLAINTIFF HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). On April 13, 2021, Plaintiff filed its Complaint alleging federal trademark infringement and counterfeiting, 15 U.S.C. § 1114 (Count I), and false designation of origin, 15 U.S.C. § 1125(a) (Count II). [1]. The Defendants were properly served with the Complaint on May 11, 2021. [30]. Despite having been served with process, none of the Defaulting Defendants have filed an answer or otherwise pled in this action. Gaudio Declaration at ¶ 2. On information and belief, the Defaulting Defendants are not active-duty members of the U.S. armed forces. *Id.* at ¶ 3.

## CONCLUSION

Accordingly, Plaintiff respectfully requests entry of default against each Defaulting Defendant.

Dated this 29th day of June 2021.                    Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Jake M. Christensen
Isaku M. Begert
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jchristensen@gbc.law
ibegert@gbc.law

*Counsel for Plaintiff Nirvana, L.L.C.*

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 29th day of June 2021, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website and I will send an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Eric Gelwicks and any e-mail addresses provided for Defendants by third parties that includes a link to said website.

          /s/ Justin R. Gaudio
          Amy C. Ziegler
          Justin R. Gaudio
          Jake M. Christensen
          Isaku M. Begert
          Greer, Burns & Crain, Ltd.
          300 South Wacker Drive, Suite 2500
          Chicago, Illinois 60606
          312.360.0080 / 312.360.9315 (facsimile)
          aziegler@gbc.law
          jgaudio@gbc.law
          jchristensen@gbc.law
          ibegert@gbc.law

          *Counsel for Plaintiff Nirvana, L.L.C.*